IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:02CR118-1 |
| | ) | 1:02CR119-1 |
| MICHAEL DANIEL HAMMONDS, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Case No. 1:02CR118-1, ECF No. 68; Case No. 1:02CR119-1, ECF No. 182), filed on December 19, 2022.[1] The Government filed a response opposing the motion. (Case No. 1:02CR118-1, ECF No. 70; Case No.1:02CR119-1, ECF No. 184.) Defendant subsequently filed a Motion to Supplement Compassionate Release Motion, (Case No. 1:02CR118-1, ECF No. 72; Case No. 1:02CR119-1, ECF No. 186), additional arguments in support of the motion (Case No. 1:02CR118-1, ECF No. 73; Case No. 1:02CR119-1, ECF No. 187), and a Motion to Appoint Attorney (Case No. 1:02CR118-1, ECF No. 74; Case No. 1:02CR119-1, ECF No. 188.) After consideration of the filings outlined above, the Court

---

[1] Defendant has made duplicate filings in Case No. 1:02CR118-1 and Case No. 1:02CR119-1. The ECF citations to the docket throughout the order refer to Case No. 1:02CR118-1, but address the identical arguments and motions raised in Case No 1:02CR119-1.

finds that Defendant has failed to show an extraordinary and compelling reason for this Court to grant a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Further, the Court concludes that the factors under 18 U.S.C. § 3553(a) counsel against a reduction. In addition, the Court declines in its discretion to appoint counsel in this matter as Defendant is not entitled to counsel as a matter of right and he has demonstrated his ability to present his arguments clearly through multiple filings, even though none of his arguments merit the relief that he seeks. Accordingly, each of Defendant's motions will be denied. Accordingly, each of Defendant's motions will be denied.

## I. BACKGROUND

Defendant is currently 60 years old. (ECF No. 38 at 3.)[2] He pled guilty to two counts of bank robbery, one count of brandishing a firearm during a bank robbery, and one count of felon in possession of a firearm. (ECF No. 19 at 1.) On January 9, 2003, the Court sentenced Defendant to 214 months on the bank robberies and the firearm count, and 84 months to run consecutive on the 924(c) count, for a total sentence of 298 months imprisonment. (*Id.* at 2.) Defendant is also serving a sentence of 300 months imprisonment for federal convictions in South Carolina. Two hundred months of the South Carolina sentence was run consecutive to his North Carolina Sentence.[3] Defendant's current projected release date on the crimes discussed herein is October 8, 2037.[4]

---

[2] The Pre-Sentence Report, (ECF No. 38), is filed with the Court under seal.

[3] *See United States v. Hammonds*, 02CR535 (D.S.C.).

[4] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Jan. 27, 2025) (enter "17063-057" in BOP Register Number field).

## II. PARTIES ARGUMENTS

Defendant argues he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A) on several grounds and asks the Court to reduce his sentence to time served. Relying on *United States v. Booker*, 543 U.S. 220 (2005), Defendant argues there have been changes in sentencing law which would have allowed the court to deviate downward from the sentencing guidelines. (ECF No. 68 at 10.) Defendant also argues he should be granted a reduction in sentence because he is at risk from Covid-19. (*Id.* at 13). Defendant contends that a consideration of factors under 18 U.S.C. § 3553(a) weighs in favor of reducing his sentence. (*Id.* at 13-15.) In his Motion to Supplement Compassionate Release Motion, Defendant argues he can show extraordinary and compelling reasons for a sentence reduction because two of his state convictions were improperly relied upon to sentence him under the Armed Career Offender Act. (ECF No. 72 at 2-4.) He argues that based on changes in the law they would no longer apply as predicate offenses. *Id.*

The Government opposes the Motion for Reduction in Sentence. (ECF No. 70.) It notes Defendant has previously filed three unsuccessful motions for compassionate release, one in this case and two in his South Carolina case, and argues he fails to show any new or different circumstances that would support a different result. (*Id.* at 4-5.)[5] The Government further argues that Defendant is unable to show an extraordinary and compelling reason to modify his sentence, and his lengthy sentence is a result of his criminal history, not a law which has been changed after sentencing. (*Id.* at 7-9.) The Government asserts that even if

---

[5] The Court's order denying Defendant's prior motion for compassionate release is found in Case No. 1:02CR118-1 at ECF No. 55, and Case No. 1:02CR119-1 at ECF No. 168.

3

Defendant could show an extraordinary and compelling reason, a consideration of the § 3553(a) sentencing factors, including the facts of the crimes, weigh against release. (*Id.* at 9-11.)

## III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United State v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

Defendant asserts that he filed a motion for administrative relief with the Warden of FCI Allenwood on September 23, 2022. (ECF No. 68 at 2.) The Government states the Federal Bureau of Prisons ("BOP") has no record of this filing. (ECF No. 70 at 5 n.4.) However, the Government says it will deem Defendant's claim exhausted. *Id.* Exhaustion under § 3582(c)(1)(A) must be invoked or is waived. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Therefore, the Court will deem the exhaustion provisions waived, and proceed to the merits of Defendant's motion.

4

B.  **Extraordinary and Compelling Reasons**

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). A change in the law may be an extraordinary and compelling reasons to support a modification of sentence. *See Davis*, 99 F.4th at 654. The policy guidelines recognize a non-retroactive change in the law may be an extraordinary and compelling reason to modify a sentence if:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

1.  Changes To Sentencing Under *Booker*

Defendant first argues he should be granted a motion for reduction of sentence because there have been changes in the sentencing law under *United States v. Booker* that would allow a sentencing court to treat the sentencing guidelines as advisory. In *Booker*, the Supreme Court held the provisions of the Sentencing Reform Act which made the Sentencing Guidelines mandatory violated a defendant's right to jury trial and were unconstitutional. *Booker*, 543 U.S. at 244. Defendant contends the Court may have sentenced him to a lesser

5

sentence if it had not felt constrained by the Sentencing Guidelines. (ECF No. 68 at 11.) He reasons that because the Court sentenced him at the low end of the applicable guideline range, the Court may have been willing to go below the guideline range as the law allows under *Booker*. (*Id.* at 10-11.) Defendant argues this change in the law, when viewed with the length of his sentence and other factors, amounts to an extraordinary and compelling reason to support modification of his sentence.

Defendant is unable to show he is entitled to relief under *Booker*. Defendant asserts the Court was not aware it could have sentenced Defendant to a much lower sentence on Count Two, Count Two and Count Four, to compensate for the mandatory minimum sentence on Count Three. (ECF No. 68 at 10). First, Defendant is in no position to assert what the Court was or was not aware of at the time he was sentenced. Moreover, Defendant's argument is not supported by the facts in the record. At the time of sentencing, the Court could have sentenced Defendant to 26 months less within the guideline range but did not do so. Therefore, Defendant's argument the Court may have gone lower at sentencing if it was not constrained by the guidelines range is not supported by the record. Moreover, this is not a case in which Defendant would receive a lesser sentence or guideline range due to changes in the applicable sentencing law if sentenced today. Accordingly, Defendant fails to show an extraordinary and compelling reason to support a motion for reduction in sentence on this first argument.

2. <u>Covid-19</u>

Defendant next argues that the general circumstances of Covid-19 in Bureau of Prison ("BOP") facilities and that because of his age, Covid-19 poses a "potential risk of serious

illness" for him that constitutes an extraordinary and compelling ground for relief. (ECF No. 68 at 12-13.) He states he has been infected once and argues "there is a significant risk that he will contract the virus and suffer more complications" if he remains in custody. (*Id.* at 12-13).

A risk of contracting Covid-19 may be considered an extraordinary and compelling circumstance, however § 3582 requires that a defendant show the risk in prison is higher than outside the facility and further that his health conditions increase the risk of a serious or fatal infection. *See United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023). "[A] generalized fear of contracting Covid-19 does not constitute an extraordinary and compelling reason for compassionate release." *United States v. McCain*, No. 06:CR203-1, 2023 WL 7385546, at * 8 (M.D.N.C. Nov. 8, 2023). A defendant must show a "particularized susceptibility" to the virus and a "particularized risk" at their prison facility. *Davis*, 99 F.4th at 655 (citing *United States v. Hargrove*, 30 F.4th 189, 196 (4th Cir. 2022)). The Sentencing Commission policy advises that an inmate seeking such relief must show an outbreak of an infectious disease or public health emergency which "due to personal health risk factors and custodial status" place a defendant at increased risk of severe complications or death. U.S.S.G. § 1B1.13(b)(1)(D).

Defendant rests his argument on a broad assertion he may contract the virus and if so, suffer complications. (ECF No. 68 at 13.) The Covid-19 Public Health Emergency Declaration ended on May 11, 2023.[6] Defendant fails to identify specific concerns about his health or the facility in which he is confined that would put him at particular risk. The

---

[6] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

Government notes Defendant may be overweight and suffer from hypertension, conditions which may increase a defendant's risk from Covid-19. (ECF No. 70 at 8). However, there is no suggestion by Defendant that his chronic conditions are not being adequately addressed by the BOP, and his medical records reflect he has been vaccinated against Covid-19. (ECF. No. 71-1 at 49.) The Court finds that Defendant has failed to show any particularized risk from Covid-19 amounts to an extraordinary and compelling circumstance warranting a modification of sentence.

    3.    <u>Armed Career Criminal Designation</u>

Defendant next argues he is entitled to a reduction in sentence because two of his state convictions no longer qualify as predicate offenses under the Armed Career Criminal Act and therefore, his sentence should be converted to run concurrently to his federal sentence in the South Carolina case. (ECF No. 72 at 5.) He also argues that because he only served 80 days imprisonment on one of the state convictions, it would no longer qualify as a predicate offense. (ECF No. 72 at 3.) He argues he would have faced a significantly reduced sentence if he was not sentenced as an Armed Career Criminal. (*Id.* at 1.)

Defendant was subject to an enhanced sentence as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) which required a showing he had three previous convictions for "a violent felony or serious drug offense." 18 U.S.C. § 924(e)(1). A "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The prior convictions which Defendant is challenging are his conviction for possession with intent

8

to sell and deliver a controlled substance on October 7, 1990 (Case No. 90CRS63018), and possession with intent to manufacture, sell or deliver a controlled substance on October 8, 1993 (Case No. 93CRS61704). (ECF No. 72 at 2.). In both cases, Defendant was convicted under N.C. Gen. Stat § 90-95(a)(1). (ECF No. 72 Exhibits A-2 and B-2.) The statute makes it unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." N.C.G.S. § 90-95(a)(1).

Defendant argues his prior convictions would no longer qualify as predicate offenses under the Armed Career Criminal Act because they are not "controlled substance offenses." (ECF 72 at 3.) Relying on *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and *United States v. Locklear*, No. 19-443, 2022 WL 2764421 (4th Cir. July 15, 2022), he contends that because the statute under which he was convicted could include an attempt, it includes an offense not within the meaning of the Armed Career Criminal statute, and therefore, he would no longer qualify for sentencing under that statute. However, neither *Campbell* nor *Locklear* support Defendant's argument. *Campbell* and *Locklear* did not involve the definition of "serious drug offense" under the Armed Career Act, but rather considered the definition of "controlled substance offenses" applicable to the career offender enhancement in U.S.S.G. § 4B1.2. The definition of "serious drug offense" applicable to Armed Career Criminal Act includes crimes of attempt. *See United States v. Williams*, 468 F. App'x 343, 346-47 (4th Cir. 2012). Consequently, Defendant's argument that his convictions would no longer qualify as predicate offenses under *Campbell* and *Locklear* fails.[7]

---

[7] Moreover, even if the ACCA had a narrower definition excluding attempts Defendant could not show he is entitled to relief. In *United States v. Miller*, 75 F.4th 215 (4th Cir. 2023), a case decided after *Campbell* and *Locklear*, the Fourth Circuit considered whether a conviction under N.C. Gen. Stat. § 90-

9

Defendant further argues his conviction for possession with intent to sell or deliver a controlled substance on October 7, 1990, (Case No. 90CRS63018), is insufficient as a predicate offense because he only served 80 days imprisonment on his sentence. (ECF No. 72 at 3). He contends that under section 401 of the First Step Act he needed to serve more than 12 months imprisonment. This is incorrect. The language in section 401 upon which he relies is not applicable to the Armed Career Criminal Act but provides the definition of a "serious drug felony" under the Controlled Substance Act. *United States v. Edwards*, 767 F. App'x 546, 547 (4th Cir. 2019). The Armed Career Criminal Act states that a violent felony is a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(A). Whether a crime satisfies the statute is evaluated based on the sentence a defendant could have received for the offense, not the sentence received or served. *United States v. Sellers*, 806 F.3d 770, 775 (4th Cir. 2015); *United States v. Kerr*, 737 F.3d 33, 38 (4th Cir. 2013). The record before the Court shows Defendant was sentenced to 10 years imprisonment on this offense. (ECF No. 72, A-2 at 3.) Defendant cannot show that because he was placed on special probation and only served 80 days imprisonment of his 10-year sentence that his offense was not "punishable for a term exceeding one year." Consequently, Defendant fails to show extraordinary and compelling reason for a modification of sentence on this argument.

Lastly, Defendant argues he should be granted a modification of sentence because if he was not improperly sentenced under the Armed Career Criminal Act, he would not have a sentence of 498 months imprisonment and his sentence in South Carolina would not run

---

95(a)(1) is a "controlled substance offense" within the meaning of the career offender statute and held that because North Carolina criminalizes attempted offenses separately from completed offenses § 90-95(a)(1) is a controlled substance offense. under U.S.S.G. § 4B1.2.

10

concurrently. As discussed above, Defendant cannot show he was improperly sentenced under the Armed Career Criminal Act. Moreover, Defendant was sentenced to a total of 298 months imprisonment by this Court, not 498 months. (ECF No. 19 at 2.) The additional time he received for his South Carolina convictions and the decision by the South Carolina court to have some of that time run concurrently with the sentence imposed by this Court are not proper issues before this Court.[8]

### C. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a sentence reduction, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See* 18 U.S.C. § 3553(a). A court may consider post-sentencing facts in the record such as behavior while

---

[8] The South Carolina court previously ruled on a motion for compassionate release in which Defendant argued his full 300-month sentence should run concurrently to his North Carolina sentence and the court declined to modify Defendant's sentence. *See United States v. Hammonds*, 0:02CR535 (D.S.C. May 19, 2021) (ECF 174 at 8-9.)

incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). The "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" when considering "whether and to what extent" to reduce a sentence. U.S.S.G. § 1B1.13(d).

Defendant argues factors including his rehabilitative efforts in prison, his remorse, the fact he would not be a danger if released, and his family ties weigh in favor of a reduction under § 3553(a). With respect to rehabilitation, Defendant argues he has taken numerous courses to better himself, expressed remorse for his crimes, is no longer a danger to society, and has the support of his sister when he gets out. (ECF No. 68 at 16-17.) He states he regrets his actions and hopes to spend more time with his family if released. (*Id.* at 16-17).

The Court recognizes Defendant has made substantial positive efforts while in prison. The record reflects Defendant has completed numerous courses to better himself and successfully completed the drug use challenge program. (ECF No. 68 at 14, 19-31). One correctional counselor believes Defendant's incarceration has "humbled him and rehabilitated him." (*Id.* at 19.) These positive efforts are commendable. However, the Court finds that other § 3553 factors weigh heavily against a reduction in sentence.[9] Defendant makes a broad statement that a modification is required to avoid a sentencing disparity, but there is no information before the Court to suggest a gross disparity. Defendant's offenses were

---

[9] Defendant presents his rehabilitation arguments in a discussion of the § 3553 factors, (ECF No. 68 at 13-15.). However, to the extent he may also be asserting they are an extraordinary and compelling reason for relief, the Court finds his argument fails. Rehabilitation alone may not be considered an extraordinary and compelling reason for a sentence reduction, but rehabilitation may be considered along with other factors to establish and extraordinary and compelling reason to reduce a sentence. *Davis*, 99 F.4th at 659. Defendant is unable to show that his rehabilitative efforts, while positive, rise to the level of an extraordinary and compelling reason to modify his sentence.

deliberate and violent crimes. Defendant participated in eight robberies threatening his victims while armed with a gun. (ECF No. 38 ¶¶ 6-27). In at least two cases, victims were further traumatized by being forced to undress. (*Id.* ¶¶ 26-27.) Moreover, Defendant has an extensive criminal history. (*Id.* ¶¶ 58-76.) When sentenced on the instant offenses, Defendant had 17 criminal history points and thus a Criminal History Category of VI and was an armed career criminal under USSG §4B1.4(c)(2). Accordingly, the Court determines the nature and circumstances of the crimes, the need for the sentence to reflect the seriousness of the crimes, Defendant's history, the need to deter crime, and the need to protect the public all weigh against granting a reduction of sentence. A reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2)

### D. Motion for Appointment of Counsel

Lastly, the court considers Defendant's Motion for Appointment of Counsel, (ECF No. 74). Defendant asks the Court to appoint him an attorney "to do my compassionate release motion under 18 U.S.C. § 3006A" and says he needs help because he has "been incarcerated for the past 22 years." (ECF No. 74 at 1). The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). A motion under § 3582 is not an opportunity to relitigate sentencing issues and does not require appointment of counsel or a hearing on the claims. *Id.* at 730. Defendant has not shown a particular need that supports appointing counsel in this matter. As shown Defendant is capable of presenting clearly the reasons he believes entitle him to relief, the Court, however, concludes that his reasons do not persuade this Court that he is entitled to relief pursuant to 18 U.S.C. § 3582(c)(1)(A).

13

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction in Sentence, (Case No. 1:02CR118-1, **ECF No. 68**; Case No. 1:02CR119-1, **ECF No. 182**), Motion to Supplement Compassionate Release Motion, (Case No. 1:02CR118-1, **ECF No. 72**; Case No. 1:02CR119-1, **ECF No. 186**), and Motion to Appoint Attorney (Case No. 1:02CR118-1, **ECF No. 74**; Case No. 1:02CR119-1, **ECF No. 188**.), are **DENIED**.

This, the 11th day of February 2025.

/s/ Loretta C. Biggs
United States District Judge